IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ALFREDO DE LA CRUZ-MARTINEZ,<br><br>Defendant. | CRIMINAL NO. 10-144 (JAG) |

**REPORT AND RECOMMENDATION**

Defendant Alfredo de la Cruz-Martínez was charged in a one (1) count Information and has agreed to plead guilty to the only count. Count One charges that, on or about November 24, 2009, in the District of Puerto Rico and within the jurisdiction of this Court, the above named defendant, an alien who had previously been deported, was found in the United States, without having obtained, prior to his reembarkation, the express consent of the Attorney General of the United States, or his successor, the Secretary of Homeland Security, acting through the Under Secretary for Border and Transportation Security, pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, to reapply for admission into the United States, in violation of Title 8, United States Code, Section 1326(a)(1).

On April 26, 2009, defendant appeared before this Magistrate Judge since the Rule 11 hearing was referred by the court. Defendant was provided with the Waiver of Indictment and Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Information, upon being advised of his right to have said proceedings before a district judge

United States v. Alfredo de la Cruz-Martínez
Criminal No. 10-144 (JAG)
Report and Recommendation
Page No. 2

of this court.[1]  Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charge contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel, Attorney Carmen Coral Rodríguez-Morales, from the Federal Public Defender's Office, prior to the hearing to enter a plea of guilty, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the entering of the plea, the consent to proceed before a United States Magistrate Judge, the content of the Information and charges therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, by entering a plea of guilty to the charges specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict.  He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt.  Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf.

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Rodríguez-Morales, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Standard Fast-Track Plea Agreement (Pursuant to Rule 11(c)(1)(B) FRCP)" (the Agreement) and the "Plea Agreement Supplement"[2] were shown to defendant, verifying his signature and initials on every page of the documents.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same.

United States v. Alfredo de la Cruz-Martínez
Criminal No. 10-144 (JAG)
Report and Recommendation
Page No. 4

     Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty. The penalty for the offense as to Count One of the Information, as charged, is a term of imprisonment of not more than two (2) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than one (1) year, and a mandatory penalty assessment of one hundred dollars ($100.00), per count.

     The above-captioned parties' estimate and agreement appear on page three (3), paragraph seven (7) of the Agreement, regarding the sentencing guideline calculations were further elaborated and explained. The United States, with the information it has available at this time, has made a good faith assessment that the defendant qualifies for the District of Puerto Rico's Fast-Track Program for § 1326 offenses. Accordingly, the parties agree on the following sentencing guideline calculations and sentencing recommendation: For Count One it was defendant's understanding that the Base Offense Level is of Eight (8). The U.S. Probation Office will determine the applicable sentencing guideline calculations in this case, including the specific enhancement in § 2L1.2(b) which is applicable to this case (+16, +12, +8, +4 or +0). This is so because the U.S. Probation Office is in a better position to accurately determine defendant's prior conviction history. The parties reserve their right to oppose such determination should they deem it incorrect. The United States anticipates that, since defendant does not have any prior conviction, his Total Adjusted Offense Level will be of 4, after being awarded a downward adjustment of two (2) levels for defendant's participation in the Fast-Track program and another two (2) levels downward adjustment for acceptance of responsibility. Defendant was explained that, depending on his prior

record, his Total Base Offense Level could be of Four (4), Eight (8), Ten (10), Fourteen (14), or Eighteen (18). The parties agree to recommend to the Court a sentence of imprisonment equal to the lower end of the applicable guideline. The parties make no against several defendants stipulation as to defendant's Criminal History Category.

The United States and the defendant agree that no further adjustments or departures to the defendant's base offense level shall be sought by the parties.

Pursuant to paragraph Twelve (12) of the Agreement, defendant is an alien and he acknowledges that pleading guilty and entering into this plea may have negative effects upon defendant's immigration status with the United States.

Insofar as Count One as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

Defendant was specifically informed that any sentencing calculations he could have discussed with his counsel were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which could always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the pre-sentence report that the court would have before it at the time of imposition of the sentence.[3] The government, defendant,

---

[3] Defense counsel indicated she will be requesting in writing the waiver of the Pre-Sentence Investigation Report in order for defendant to be sentenced promptly.

and his counsel also expressed they are aware the Sentencing Guidelines are no longer mandatory and are thus, considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offense charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Government's Version of the Facts" which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. Any notice of appeal must be filed within ten (10) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph eighteen (18) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with

United States v. Alfredo de la Cruz-Martínez
Criminal No. 10-144 (JAG)
Report and Recommendation
Page No. 7

his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant was read in open court and shown the Information, provided an opportunity to see and examine same, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One of the Information was what he had done and to which he was pleading guilty during these proceedings. Thereupon, defendant indicated he was pleading guilty to Count One of the Information in Criminal No. 10-144 (JAG).

This Magistrate Judge after having explained to defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Information in Criminal No. 10-144 (JAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled promptly, before Honorable Jay A. García-Gregory, District Court Judge.

San Juan, Puerto Rico, this 27th day of April of 2010.

                                                  s/ CAMILLE L. VELEZ-RIVE
                                                  CAMILLE L. VELEZ-RIVE
                                                  UNITED STATES MAGISTRATE JUDGE